# EXHIBIT B

CAUSE NO. 2 0 1 0 5 8 4 8 2

| | | |
|---|---|---|
| LEAWOOD HOA, INC. | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| PHILADELPHIA INSURANCE COMPANY And ENGLE MARTIN & ASSOCIATES, INC. | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |



### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, LEAWOOD HOA, INC., files this original petition complaining of Defendants, Philadelphia Insurance Company and Engle Martin & Associates, Inc., and would show this honorable court as follows:

### I. Parties, Venue and Discovery Level

Plaintiff Leawood HOA, Inc. (hereafter "Leawood") is a Texas non-profit corporation located in Houston, Harris County, Texas, and is an insured under a surplus lines insurance policy with Philadelphia Insurance Company.

Defendant, Philadelphia Insurance Company (hereafter "Philadelphia"), is a surplus lines insurance company doing business in Texas and can be served through the Commissioner of Insurance, Mike Geeslin, at 333 Guadalupe, Austin, Texas 78701. Philadelphia's mailing address is One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

Defendant, Eagle Martin & Associates, Inc. (hereafter "Engle Martin"), is a Georgia corporation registered to do business in Texas and can be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste. 235, Houston, Texas 77062.

The venue of this case is proper in Harris County, Texas under Sections 15.002 and

15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiff intends to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

On September 13, 2008, Hurricane Ike caused wind and water damage to the Leawood condominiums located at 9700 and 9797 Leawood Boulevard, Houston, Texas. Leawood had purchased from Philadelphia an insurance policy to cover its property from March 12, 2008 to March 12, 2009. Since this windstorm and hurricane damage is covered under this policy, Leawood reported this claim to Philadelphia after Hurricane Ike.

Philadelphia hired an independent adjuster, Scott Bowers of Engle Martin, to investigate the loss and adjust the claim. Philadelphia and its adjusters, Scott Bower and Engle Martin, then hired David Zimpel, P.E. of Rimkus Consulting Group, Inc. (hereafter "Rimkus") to investigate the damage to the roofs and carports at the properties caused by Hurricane Ike. We believe that Philadelphia and its adjusters, Scott Bower and Engle Martin, hire Mr. Zimpel and Rimkus

because they know that Mr. Zimpel and Rimkus are biased for insurance companies and will give them favorable, result-oriented reports on which they can either deny coverage for hurricane claims or make low-ball offers of only partial repairs.

True to form, in reports dated December 1, 2008 and December 2, 2008, Mr. Zimpel and Rimkus stated that the individual roof shingles could be replaced with like-kind materials even though Mr. Zimpel stated that the roofs at the Leawood condominiums had so much wind damage that shingles were missing, displaced, creased and torn off, punctured and gouged due to high winds and flying debris. Mr. Zimpel and Rimkus, however, failed to do a complete and adequate investigation of the roofs. In this respect, they failed to inspect the damage to the roofs located under tarps that had been placed on the roofs as a result of the damage from Hurricane Ike. Philadelphia, Scott Bower, and Engle Martin either knew or should have known that the reports by Mr. Zimpel and Rimkus were based upon an incomplete investigation and that the reports did not contain proper methods of repair for the damage to the roofs caused by Hurricane Ike. Based upon these biased and incomplete reports, Philadelphia, Scott Bower, and Engle Martin estimated the damage to the Leawood properties roofs at $21,828.81. In a March 23, 2009 letter, Philadelphia, Scott Bower and Engle Martin informed Leawood that the damage to the Leawood condominiums fell well below the deductible on the policy so there would be no payment of policy benefits for this damage. Based upon their experience with hurricane claims, Philadelphia, Scott Bower and Engle Martin knew or should have known that this estimate was grossly insufficient.

Due to this inadequate estimate, improper investigation and low-balling of its claim, Leawood hired a loss consultant, Brendel & Company, LLC, to inspect the condominiums and prepare an estimate for the proper repair of the windstorm damage to Plaintiff's property as a

Certified Document Number: 46339959 - Page 3 of 10

3

result of Hurricane Ike. Bob Kenne of Brendel & Company estimated this damage at $1,431,432.02. Plaintiff had this information sent to Defendants. To date, Philadelphia and its adjusters have failed and refused to pay Leawood for the proper repair of the damage to its condominiums caused by the windstorm of Hurricane Ike.

## V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiff purchased, Philadelphia and its adjusters, Scott Bower and Engle Martin, had the duty to investigate and pay Plaintiff policy benefits for claims made for damages caused by hurricane, water and windstorm damage to its property. As a result of this damage, which is covered under Plaintiff's insurance policy with Philadelphia, Plaintiff's property has suffered extensive property damage. Philadelphia has breached this contractual obligation and the subject insurance policy by failing to pay Plaintiff policy benefits for the cost to properly repair the damage to its property. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Philadelphia's and its adjusters' omissions, and failures that are described in this petition violate Chapter 542 of the Texas Insurance Code. Within 30 days after the receipt of either actual or written notice of Plaintiff's hurricane/windstorm damage, these Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for its hurricane/windstorm damage. As a result, Philadelphia has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 51 days after receiving either actual or written notice of Plaintiff's claim. Philadelphia has also violated Chapter 542 by failing to pay Plaintiff's claim within 105 days after they received either actual or written notice of the claim or within 75 days after any other applicable statutory period. In the

Certified Document Number: 46339959 - Page 4 of 10

event it is determined that Philadelphia owes Plaintiff any additional monies, Philadelphia has automatically violated Chapter 542 of the Texas Insurance Code.

## VII. DTPA Causes of Action

Plaintiff incorporates all the allegations in this petition for these causes of action against Philadelphia and Engle Martin under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against Defendants. Specifically, the violations of Philadelphia and Engle Martin of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this petition, Philadelphia and Engel Martin have violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) their hiring of and reliance upon biased adjusters and engineers to obtain a favorable, result-oriented reports and estimates to assist Defendants in low-balling Plaintiff's hurricane/windstorm damage claim, and (4) their failure to pay for the proper repair of Plaintiff's property after their liability had become reasonably clear;

B. As described in this petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

C. As described in this petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

D. As described in this petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Philadelphia would pay to repair the damages caused by windstorm, hurricane, and water and then not doing so, Defendants have violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

F. Philadelphia has breached an express warranty that the damage caused by

Certified Document Number: 46339959 - Page 5 of 10

5

hurricane/windstorm damage would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

G. Philadelphia's and Engle Martin's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a) (3) of the DTPA; and

H. Philadelphia's and Engle Martin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Philadelphia and Engle Martin are a producing cause of Plaintiff's damages that are described in this petition.

## VIII. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Philadelphia and Engle Martin under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Philadelphia and Engle Martin have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Philadelphia's and Engle Martin's failure to properly investigate Plaintiff's claim. They also include Philadelphia's and Engle Martin's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and their failure to pay for the proper repair of Plaintiff's property on which Defendants' liability had become reasonably clear. They also include Defendants' hiring of and reliance upon biased adjusters and engineers to obtain favorable, result-oriented reports and estimates to assist them in low-balling Plaintiff's hurricane/windstorm claim and Defendants failure to look for coverage and give Plaintiff the benefit of the doubt. Specifically, Philadelphia and Engle Martin are guilty of the following unfair insurance

practices:

 A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

 B. Engaging in unfair claims settlement practices;

 C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

 D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear;

 E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

 F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

 G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Philadelphia and Engle Martin have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages.

## IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Philadelphia has breached its common law duty of good faith and fair dealing by denying Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Philadelphia has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claims because they knew or should have known that it was reasonably clear that the claim was covered. Philadelphia's acts, omissions, failures, and conduct proximately caused Plaintiff's damages.

Certified Document Number: 46339959 - Page 7 of 10

### X. Waiver and Estoppel

Philadelphia and Engle Martin have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

### XI. Damages

The above described acts, omissions, failures and conduct of Philadelphia and Engle Martin have caused Plaintiff's damages which include, without limitation, the cost to properly repair its property and any investigative and engineering fees incurred during the claim process. Plaintiff is also entitled to recover the amount of its claim plus an eighteen percent per annum penalty on that claim against Philadelphia as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

### XII. Additional Damages

Philadelphia and Engle Martin have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Philadelphia's and Engle Martin's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b) (1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

### XIII. Exemplary Damages

Philadelphia's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Philadelphis are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary

Certified Document Number: 46339959 - Page 8 of 10

damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Philadelphia for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

### XIV. Attorneys' Fees

As a result of Philadelphia's and Engle Martin's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

### XV. Rule 194 Request for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Philadelphia and Engle Martin are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and also requests that Defendants be cited to appear and answer, and that on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;

2. Reasonable attorneys' fees through trial and on appeal;

3. Pre-judgment and post-judgment interest as provided by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Loree, Hernandez & Lipscomb*
14607 San Pedro, Suite 125
San Antonio, Texas 78232
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: /s/ Robert W. Loree
Robert W. Loree
State Bar No. 12579200
Thomas Hernandez
State Bar No. 09516400

Attorneys for Plaintiff



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this   November 2, 2010

Certified Document Number:   46339959 Total Pages: 10

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**